UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEREMY BRIAN BRUMBAUGH,

    Plaintiff,

v().                                          Case No.:  2:25-cv-972-SPC-NPM

LEE COUNTY JAIL,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Jeremy Brian Brumbaugh's Complaint (Doc. 1). Brumbaugh is a pretrial detainee in Lee County Jail, and he sues the jail under 42 U.S.C. § 1983. United States Magistrate Judge Nicholas Mizell granted Brumbaugh leave to proceed *in forma pauperis*, so the Court must review the complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court

can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Brumbaugh alleges Lee County Jail allows inmates a single legal research request per week. Brumbaugh claims his requests are as detailed and specific as possible. He accuses unnamed officials of sometimes denying his requests with the note, "Be more specific" to prevent him from accessing information that might benefit him.

State officials may not obstruct a detainee's access to the courts. *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986). To state an access-to-the-courts claim, a detainee must show actual injury—*i.e.*, that the defendant's conduct "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). As the Supreme Court explained in *Lewis*, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." 518 U.S. at 351. A plaintiff "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* And "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. A plaintiff must show that officials "hindered his efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (internal quotation marks and citation omitted).

Brumbaugh fails to state an access-to-court claim because he does not identify a nonfrivolous claim or defense hindered by jail officials. His vague allegation of unreasonably denied legal research requests is not enough. What is more, a municipality like Lee County can only be liable under 42 U.S.C. § 1983 if "the alleged constitutional harm is the result of a custom or policy." *Brennan v. Headley*, 807 F. App'x 927, 937 (11th Cir. 2020); s*ee also Monell v.*

3

*Dep't of Soc. Sec. Servs. of City of New York*, 436 U.S. 658 (1978). The complaint appears to place the blame on the unnamed officials who deny Brumbaugh's requests. To proceed on his claim, Brumbaugh must either name as defendants the individual officials who denied his requests or establish a custom or policy responsible for the denials.

The Court will dismiss Brumbaugh's complaint for failure to state a claim and give him an opportunity to amend. If Brumbaugh files an amended complaint, he must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Accordingly, it is **ORDERED:**

Jeremy Brian Brumbaugh's Complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to send Brumbaugh a civil-rights complaint form. Brumbaugh may file an amended complaint by **November 21, 2025**. **Otherwise, the Court will close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on October 31, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

4